# *Exhibit A*

# IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

TIMOTHY SHAWN GUNN,      )
MARNI RENEE PEARCE, and   )   Docket No. 22-0532
ZACHARY CHANCE TAYLOR,   )
                            )   Part X I
     Plaintiffs,        )
                            )   JURY DEMANDED
v.                          )
                            )
TENNESSEE AQUARIUM,     )
                            )
     Defendant.        )

---

## COMPLAINT FOR DAMAGES

---

Plaintiffs, Timothy Shawn Gunn, Marni Renee Pearce, and Zachary Chance Taylor, hereby

sues Defendant, Tennessee Aquarium. For their cause of action, Plaintiffs state as follows:

### PARTIES

    1.    Plaintiff Timothy Shawn Gunn ("Mr. Gunn") is an adult citizen and resident of

Hamilton County, Tennessee.

    2.    Plaintiff Marni Renee Pearce ("Ms. Pearce") is an adult citizen and resident of

Hamilton County, Tennessee.

    3.    Plaintiff Zachary Chase Taylor ("Mr. Taylor") is an adult citizen and resident of

Catoosa County, Georgia.

    4.    Defendant Tennessee Aquarium ("Defendant") is a Tennessee corporation with its

principal place of business in Chattanooga, Hamilton County, Tennessee. Defendant's registered

agent is Gordon A. Stalans, 201 Chestnut Street, Chattanooga, Hamilton County, Tennessee.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue are proper in this Court because Defendant's principal place of business is in Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Hamilton County, Tennessee.

## FACTUAL ALLEGATIONS

6.      Defendant is a nonprofit corporation that operates The Tennessee Aquarium located at 1 Broad Street, Chattanooga, Hamilton County, Tennessee.

7.      In early August 2021, Defendant posted an employment ad seeking a Community Engagement Educator to work at the Tennessee Aquarium.

8.      On August 9, 2021, Ms. Pearce and Mr. Taylor applied for the Community Engagement Educator position through Defendant's website.

9.      On August 9, 2021, Mr. Gunn applied for the Community Engagement Educator position via ZipRecruiter.

10.     When applying for the Community Engagement Educator position, all Plaintiffs noted that one of the key requirements listed by Defendant was as follows:

> "Applicant must be of minority group that would include but is not limited to: African American or Black, Native Hawaiian or Pacific Islander, Asian American or Asian, American Indian or Alaska Native, Hispanic or Latino, and applicants who consider themselves to be of more than one race."

11.     In addition to this key requirement, each Plaintiff was asked if they belonged to any of the listed minority groups.

12.     Mr. Gunn is a white man and is not a member of any of the minority groups listed by Defendant. Mr. Gunn still applied for the Community Engagement Educator position because he felt he would be a good fit for the position. Mr. Gunn was a member of the U.S. Navy for over

two decades and spent most of his time in sonar tech and oceanography. During his time of service, Mr. Gunn provided oceanography training to enlisted servicemen and he also trained officers.

13.    Ms. Pearce is a white woman and is not a member of any of the minority groups listed by Defendant. Ms. Pearce still applied for the Community Engagement Educator position because she felt she would be a good fit for the position. Ms. Pearce has experience working with underserved and underrepresented communities and is passionate about working with these communities.

14.    Mr. Taylor is a white man and is not a member of any of the minority groups listed by Defendant. Mr. Taylor still applied for the Community Engagement Educator position because he felt he would be a good fit for the position. Mr. Taylor was a long-time member of the U.S. Navy where he held a variety of positions. Mr. Taylor was a spotter for a K-9 with qualifications in kennel support that included training, he spent time deployed in Afghanistan and Bahrain, provided security for nuclear submarines and held a high security clearance. He also worked as part of the security forces and presented information and training to large groups. Mr. Taylor was also trained in rescue, marksmanship, FEMA preparedness, and EMS. Mr. Taylor also speaks conversational Spanish.

15.    On August 9, 2021, WDEF, a local television news station, learned of the Community Engagement Educator job posting and the minority requirement. WDEF reached out to Defendant for comment, and Defendant provided the following statement:

> "The Tennessee Aquarium is an inclusive environment. We have updated the posting in question and realize it appeared to focus on minorities rather than include minorities. We want our education and all departments to reflect our entire community. We will always select the best candidate for the position."

16.    Prior to issuing this statement to WDEF, Dr. Anna George, an employee of Defendant, defended the minority requirement stating "[H]aving students see themselves in the

education staff provides one way to provide equity for these students to catch up and see themselves in those careers in the future."

17.    Despite what they stated, Defendant did not remove the minority requirements from their website until weeks after the position was listed and failed to remove the minority requirements from third-party websites like Indeed and ZipRecruiter.

18.    On October 7, 2021, Ms. Pearce was notified that the position of Community Engagement Educator was filled. The other Plaintiffs never received notification.

19.    Plaintiffs have reason to believe that the position of Community Engagement Educator was filled in the Fall of 2021 by an African American man.

## RACIAL DISCRIMINATION UNDER THE TENNESSEE HUMAN RIGHTS ACT

20.    Plaintiffs allege that Defendant discriminated against them because of their race, in violation of the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101, et seq.

21.    Defendant discriminated against Plaintiffs with respect to compensation, terms, conditions, or privileges of employment because of their race, in violation of Tenn. Code Ann. §4-21-401(1).

22.    Defendant discriminated against Plaintiffs by limiting, segregating and/or classifying applicants for employment in a way that adversely affected the status of Plaintiffs because of their race, in violation of Tenn. Code Ann. §4-21-401(a)(2).

23.    At all relevant times, Defendant employed over 8 persons.

24.    As a result of Defendants culpable acts or omissions as set forth herein, Plaintiffs were improperly discriminated against, and they are entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation,

mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, attorney's fees and costs.

## WHEREFORE PLAINTIFFS PRAY:

a.  That Plaintiffs be awarded compensation in an amount to be determined at trial for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

b.  That the Court award Plaintiffs the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law;

c.  The Court award the Plaintiffs such other, further, and general relief to which she may be entitled; and

d.  That a JURY be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

R. Ethan Hargraves, BPR# 033331
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529
F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiffs*

# State of Tennessee
## Hamilton County Chancery Court

Plaintiffs,

TIMOTHY SHAWN GUNN,
MARNI RENEE PEARCE, and
ZACHARY CHANCE TAYLOR

Defendant,

TENNESSEE AQUARIUM

\*
\*
\*
\*
\*

\*   Docket No. 22-0532
\*
\*   Part IX I
\*
\*   JURY DEMANDED
\*
\*

# SUMMONS

TO:
TENNESSEE AQUARIUM

C/O Registered Agent
GORDON A. STALANS
201 CHESTNUT STREET
CHATTANOOGA, TN 37402

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Hamilton County Chancery Court, in the above styled case. Your defense to this complaint must be filed in the office of the Hamilton County Chancery Court, on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issues this 28 day of July , 2022

| | |
|---|---|
| HAMILTON COUNTY CHANCER COURT<br>625 Georgia Avenue, Room 300<br>Chattanooga, TN 37402 | Robin L. Miller, Clerk & Master<br><br>By _Wendi Sales_<br><br>**Deputy Clerk** |

Attorneys for Plaintiff     Massey & Associates, PC
                                   6400 Lee Highway, Suite 101
                                   Chattanooga TN 37421

Plaintiff's Address         Care of Attorney

Received this _____ day of _____, 2022.

/S/ _____
                                    Deputy Sheriff

# IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

TIMOTHY SHAWN GUNN,
MARNIE RENEE PEARCE, and
ZACHARY CHANCE TAYLOR

     **Plaintiff,**

vs

TENNESSEE AQUARIUM,

     **Defendants.**

Docket No.

Part II

JURY DEMANDED

---

## NOTICE OF SERVING WRITTEN DISCOVERY

Timothy Shawn Gunn, Marnie Renee Pearce, and Zachary Chance Taylor, by and through counsel, gives notice that Plaintiffs have served Plaintiffs' First Set of Interrogatories to Defendant, Tennessee Aquarium and Plaintiffs' First Requests for Production of Documents to the Defendant, Tennessee Aquarium with the Summons and Complaint.

Respectfully submitted,

MASSEY & ASSOCIATES, P.C.

R. Ethan Hargraves, BPR No. 033331
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529, F: 423.634.8886
ethan@masseyattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day delivered this *Notice of Serving Written Discovery* on the following persons via Summons and Complaint:

> Tennessee Aquarium
> c/o Registered Agent
> Gordon A. Stalans
> 201 Chestnut Street
> Chattanooga, TN 37402

**MASSEY & ASSOCIATES, P.C.**

R. Ethan Hargraves

# IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

**TIMOTHY SHAWN GUNN,**
**MARNIE RENEE PEARCE, and**
**ZACHARY CHANCE TAYLOR**

     **Plaintiff,**

**vs**

**TENNESSEE AQUARIUM,**

     **Defendants.**

**Docket No. 22-0532**

**Part I**

**JURY DEMANDED**

---

### NOTICE OF SERVING AMENDED WRITTEN DISCOVERY

---

     Timothy Shawn Gunn, Marnie Renee Pearce, and Zachary Chance Taylor, by and through counsel, gives notice that Plaintiffs have served Plaintiffs' First Set of Interrogatories to Defendant, Tennessee Aquarium and Plaintiffs' First Requests for Production of Documents to the Defendant, Tennessee Aquarium with the Summons and Complaint.

     Respectfully submitted,

     **MASSEY & ASSOCIATES, P.C.**

     R. Ethan Hargraves, BPR No. 033331
     6400 Lee Highway, Ste. 101
     Chattanooga, TN 37421
     Ph: 423.697.4529, F: 423.634.8886
     ethan@masseyattorneys.com

2022 AUG 29 PM 1: 36

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day delivered this *Notice of Serving Amended Written Discovery* on the following persons via Summons and Complaint:

> Tennessee Aquarium
> c/o Registered Agent
> Gordon A. Stalans
> 201 Chestnut Street
> Chattanooga, TN 37402

MASSEY & ASSOCIATES, P.C.

R. Ethan Hargraves

IN THE CHANCERY COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| TIMOTHY SHAWN GUNN, | ) |
| MARNI RENEE PEARCE, | ) |
| ZACHARY CHANCE TAYLOR, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 22-0532 |
| | ) |
| TENNESSEE AQUARIUM, | )   JURY DEMAND |
| | ) |
| | ) |
|     Defendant. | ) |

---

## DEFENDANT'S ANSWER AND DEFENSES

---

Defendant The Tennessee Aquarium, ("Aquarium") hereby files its Answer and Affirmative and other Defenses to the Complaint in the above-captioned action as follows:

### PARTIES

1.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore must deny the same.

2.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore must deny the same.

3.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore must deny the same.

4.    Defendant admits the allegations in Paragraph 4 of the Complaint, except clarifies that it is registered as a Tennessee nonprofit corporation.

### JURISDICTION AND VENUE

5.    Defendant admits that Plaintiffs purports that jurisdiction and venue are proper in this Court, but denies that it has engaged in any conduct that would subject it to liability in this or

any other Court.

## FACTS

6.     Admitted.

7.     Defendant admits the allegations contained in Paragraph 7 of the Complaint, except clarifies that it posted employment ads for two Community Engagement Educator positions in early August 2021, one which required candidates to be fluent bilingual speakers and another intended for primarily English speaking candidates.

8.     Defendant admits that Mr. Taylor submitted an application for the bilingual Community Engagement Educator position on August 9, 2021. Defendant further admits that Ms. Pearce submitted an application for the non-bilingual Community Engagement Educator position on August 9, 2021.

9.     Defendant admits that Mr. Gunn submitted an application for the non-bilingual Community Engagement Educator position on August 9, 2021.

10.     Defendant states that the initial job posting speaks for itself.

11.     Admitted.

12.     Defendant admits that Mr. Gunn applied for a non-bilingual Community Engagement Educator position but is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore must deny the same.

13.     Defendant admits that Ms. Pearce applied for a non-bilingual Community Engagement Educator position but is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore must deny the same.

14.     Defendant admits that Mr. Taylor applied for a bilingual Community Engagement Educator Position but is without information sufficient to form a belief as to the truth of the

2

allegations contained in Paragraph 14 of the Complaint and therefore must deny the same.

15.     Defendant admits that Defendant gave a statement to WDEF on August 9, 2021, and states that the quoted statement speaks for itself.

16.     Defendant admits that the quoted statement was given by Dr. Anna George to WDEF, but denies the remainder of the allegations contained in Paragraph 16.

17.     Denied.

18.     Admitted.

19.     Defendants admit they hired a total of five candidates for the Community Engagement Educator roles in the Fall of 2021, and that one of the three candidates placed in the non-bilingual role was an African American male.

## COUNT I

20.     Defendant admits that Plaintiffs purport to bring claims under the Tennessee Human Rights Act, but deny that they have engaged in any discriminatory conduct or violated any other state or federal law which would entitle Plaintiffs to the relief they seek.

21.     Denied.

22.     Denied.

23.     Admitted.

24.     Denied.

25.     All allegations in the Complaint not expressly admitted are hereby denied.

26.     Defendant denies Plaintiffs are entitled to any relief prayed for in the Complaint.

3

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matters, Defendant states the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent that Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands and/or waiver, Plaintiffs are barred from pursuing such claims.

### THIRD DEFENSE

Plaintiffs' lawsuit is barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH DEFENSE

Plaintiffs are estopped by their own acts, conduct, or omissions from asserting some or all of their claims.

### FIFTH DEFENSE

To the extent any intentional acts occurred, the occurrence of which Defendant denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment with Defendant, were not authorized or sanctioned by Defendant, and Defendant, therefore, is not liable to Plaintiffs for such acts.

### SIXTH DEFENSE

Defendant asserts the affirmative defenses of res judicata, collateral estoppel, judicial estoppel, and waiver, as these defenses may be developed during the course of this litigation.

4

## SEVENTH DEFENSE

Plaintiffs' damages are barred in whole or in part by the doctrines of after-acquired evidence or unclean hands. To the extent Defendant acquires evidence about Plaintiffs that would have resulted in Plaintiffs' non-hire or termination if Defendant had known, Plaintiffs are not entitled to damages and/or equitable relief based upon this after-acquired evidence should they prevail.

## EIGHTH DEFENSE

Even assuming that Defendant's actions concerning Plaintiffs' attempted employment were partially influenced by some unlawful motive, though they were not, Defendant nonetheless would have taken the same actions with respect to Plaintiffs even in the absence of such unlawful motive.

## NINTH DEFENSE

None of Defendant's actions were taken with malice or reckless indifference to Plaintiffs' civil rights, thereby precluding any and all claims for punitive damages. Plaintiffs are also not entitled to recover punitive damages because they failed to plead facts sufficient to support allegations of malice or reckless indifference, and such damages are either not recoverable or are limited in amount.

## TENTH DEFENSE

Defendant's decisions concerning Plaintiffs were based upon legitimate non-discriminatory business reasons, completely unrelated to Plaintiffs' protected characteristics and/or the exercise of their protected rights, if any.

5

## ELEVENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because any discriminatory or unlawful acts were committed by individuals who were not acting in a managerial capacity.

## TWELFTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendant is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to their good faith efforts to comply with anti-discrimination statutes.

## THIRTEENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because Defendant did not authorize or ratify any alleged discriminatory acts and was not reckless in hiring the employees who committed the allegedly discriminatory acts.

## FOURTEENTH DEFENSE

Plaintiff may not recover in excess of the statutorily-prescribed limits.

## FIFTEENTH DEFENSE

Although Defendant denies Plaintiffs are entitled to any relief, Plaintiffs have failed to take reasonable steps to minimize or mitigate their alleged damages and may not recover any damages they could have avoided. To the extent Plaintiffs have mitigated their alleged damages, they may not recover for any alleged damages they have mitigated.

## RESERVATION OF RIGHTS

Defendant reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiffs' claims based upon such facts and circumstances as become known to it

6

subsequent to the date hereof.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that the Complaint be dismissed with prejudice, that it be awarded its costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

Mark E. Stamelos (TN 021021)
Paige M. Lyle (TN 032959)
FORDHARRISON LLP
150 Third Ave South, Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile:  (615) 574-6701
mstamelos@fordharrison.com
plyle@fordharrison.com

*Counsel for Defendant Tennessee Aquarium*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Answer and Defenses has been served via U.S. Mail this the 13th day of October, 2022, upon:

R. Ethan Hargraves
Massey & Associates
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ethan@masseyattorneys.com

Paige M. Lyle

7

## IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

TIMOTHY SHAWN GUNN,      )
MARNI RENEE PEARCE, and  )      Docket No. 22-0532
ZACHARY CHANCE TAYLOR,   )
                         )      Part I
    Plaintiffs,         )
                         )      JURY DEMANDED
v.                       )
                         )
TENNESSEE AQUARIUM,      )
                         )
    Defendant.          )

---

## PLAINTIFFS' MOTION TO AMEND

---

Plaintiffs, Timothy Shawn Gunn, Marni Renee Pearce, and Zachary Chance Taylor, by and through undersigned counsel, moves this Honorable Court to grant Plaintiffs leave to amend their original Complaint, under Rule 15.01 of the Tennessee Rules of Civil Procedure, to add claims of racial discrimination pursuant to 42 U.S.C. §1981 ("Section 1981") as it relates to Defendant Tennessee Aquarium. In support thereof, Plaintiffs state as follows:

1.    Plaintiffs were subjected to discrimination by Defendant because of their race.

2.    Section 1981 provides that it is public policy and law of the United States that employees, even potential employees, must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

3.    Plaintiffs objected to and protested race discrimination in Defendant's hiring practices, an activity protected by Section 1981.

4.    Plaintiffs' Proposed Amended Complaint is attached herewith as Exhibit "A".

WHEREFORE, Plaintiffs pray that this Court allows them to amend their Complaint as provided in the attached Proposed Amended Complaint.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

R. Ethan Hargraves, BPR No. 033331
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529, F:423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the _30th_ day of _March_, 2023, a copy of the foregoing was

served on the following parties via U.S. and Electronic Mail:

> Paige M. Lyle
> FordHarrison LLP
> 150 3rd Avenue South, Ste. 2010
> Nashville, TN 37201
> plyle@fordharrison.com

**MASSEY & ASSOCIATES, P.C.**

R. Ethan Hargraves

## NOTICE

This motion will be heard in Part 1 of the Hamilton County Chancery Court on Monday, April 17, 2023, at 1:30 p.m.

# IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

| | | |
|---|---|---|
| TIMOTHY SHAWN GUNN, | ) | |
| MARNI RENEE PEARCE, and | ) | Docket No. 22-0532 |
| ZACHARY CHANCE TAYLOR, | ) | |
| | ) | Part I |
| **Plaintiff,** | ) | |
| | ) | **JURY DEMANDED** |
| **v.** | ) | |
| | ) | |
| TENNESSEE AQUARIUM, | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED AMENDED COMPLAINT

Plaintiffs, Timothy Shawn Gunn, Marni Renee Pearce, and Zachary Chance Taylor, hereby sue Defendant, Tennessee Aquarium, and for their cause of action, Plaintiffs state as follows:

<u>PARTIES</u>

1.      Plaintiff, Timothy Shawn Gunn ("Mr. Gunn") is an adult citizen and resident of Hamilton County, Tennessee.

2.      Plaintiff, Marni Renee Pearce ("Ms. Pearce") is an adult citizen and resident of Hamilton County, Tennessee.

3.      Plaintiff, Zachary Chance Taylor ("Ms. Taylor") is an adult citizen and resident of Catoosa County, Georgia.

4.      Defendant, Tennessee Aquarium ("Defendant") is a Tennessee corporation with its principal place of business in Chattanooga, Hamilton County, Tennessee. Defendant's registered agent is Gordon A. Stalans, 201 Chestnut Street, Chattanooga, Hamilton County, Tennessee.

5.     Jurisdiction and venue are proper in this Court because Defendant's principal place of business is Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Hamilton County, Tennessee.

## FACTUAL ALLEGATIONS

6.     Defendant is a nonprofit corporation that operates The Tennessee Aquarium located at 1 Broad Street, Chattanooga, Hamilton County, Tennessee.

7.     In early August 2021, Defendant posted an employment ad seeking a Community Engagement Educator to work at the Tennessee Aquarium.

8.     On August 9, 2021, Ms. Pearce and Mr. Taylor applied for the Community Engagement Educator position through Defendant's website.

9.     On August 9, 2021, Mr. Gunn applied for the Community Engagement Educator position via ZipRecruiter.

10.     When applying for the Community Engagement Educator position, all Plaintiffs noted that one of the key requirements listed by Defendant was as follows:

> "Applicant must be of minority group that would include but is not limited to:
> African American or Black, Native Hawaiian or Pacific Islander, Asian American
> or Asian, American Indian or Alaska Native, Hispanic or Latino, and applicants
> who consider themselves to be of more than one race."

11.     In addition to his key requirement, each Plaintiff was asked if they belonged to any of the listed minority groups.

12.     Mr. Gunn is a white man and is not a member of any of the minority groups listed by Defendant. Mr. Gunn still applied for the Community Engagement Educator position because he felt he would be a good fit for the position. Mr. Gunn was a member of the U.S. Navy for over

two decades and spent most of his time in sonar tech and oceanography. During his time of service, Mr. Gunn provided oceanography training to enlisted servicemen and he also trained officers.

13.     Ms. Pearce is a white woman and is not a member of any of the minority groups listed by Defendant. Ms. Pearce still applied for the Community Engagement Educator position because she felt she would be a good fit for the position. Ms. Pearce has experience working with underserved and underrepresented communities and is passionate about working with these communities.

14.     Mr. Taylor is a white man and is not a member of any of the minority groups listed by Defendant. Mr. Taylor still applied for the Community Engagement Educator position because he felt he would be a good fit for the position. Mr. Taylor was a long-time member of the U.S. Navy where he held a variety of positions. Mr. Taylor was a spotter for a K-9 with qualifications in kennel support that included training, he spent time deployed in Afghanistan and Bahrain, provided security for nuclear submarines and held a high security clearance. He also worked as part of the security forces and presented information and training to large groups. Mr. Taylor was also trained in rescue, marksmanship, FEMA preparedness, and EMS. Mr. Taylor also speaks conversational Spanish.

15.     On August 9, 2021, WDEF, a local television news station, learned fo the Community Engagement Educator job posting and the minority requirement. WDEF reached out to Defendant for comment, and Defendant provided the following statement:

> "The Tennessee Aquarium is an inclusive environment. We have updated the posting in question and realize it appeared to focus on minorities rather than include minorities. We want our education and all departments to reflect our entire community. We will always select the best candidate for the position."

16.     Prior to issuing this statement to WDEF, Dr. Anna George, an employee of Defendant, defended the minority requirement stated "[H]aving students see themselves in the

education staff provides one way to provide equity for these students to catch up and see themselves in those careers in the future."

17.     Despite what they stated, Defendant did not remove the minority requirements from their website until weeks after the position was listed and failed to remove the minority requirements from third-party websites like Indeed and ZipRecruiter.

18.     On October 7, 2021, Ms. Pearce was notified that the position of Community Engagement Educator was filled. The other Plaintiffs never received notification.

19.     Plaintiffs have reason to believe that the position of Community Engagement Educator was filled in the Fall of 2021 by an African American man.

RACIAL DISCRIMINATION UNDER THE TENNESSEE HUMAN RIGHTS ACT

20.     Plaintiffs allege that Defendant discriminated against them because of their race, in violation of the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101, et seq.

21.     Defendant discriminated against Plaintiffs with respect to compensation, terms, conditions, or privileges of employment because of their race, in violation of Tenn. Code Ann. §4-21-401(1).

22.     Defendant discriminated against Plaintiffs by limiting, segregating and/or classifying applicants for employment in a way that adversely affected the status of Plaintiffs because of their race, in violation of Tenn. Code Ann. §4-21-401(a)(2).

23.     At all relevant times, Defendant employed over 8 persons.

24.     As a result of Defendant's culpable acts or omissions as set forth herein, Plaintiffs were improperly discriminated against, and they are entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotion distress, humiliation,

mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, attorneys' fees and costs.

## RACIAL DISCRIMINATION UNDER 42 U.S.C. §1981

25.    Plaintiffs objected to and protested race discrimination and such actions are statutorily protected activities under 42 U.S.C. §1981 ("Section 1981").

26.    It is public policy and law of the United States that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer or potential employer.

27.    Plaintiffs objected to and protested race discrimination in the workplace. Such actions by the Plaintiffs are statutorily protected activities under Section 1981.

28.    In violation of Section 1981, Defendant failed to hire Plaintiffs based on their race.

29.    Defendant retaliated against Plaintiffs because of their protected activity by taking adverse action against Plaintiffs. As a result of Plaintiff's complaints and protests of racial discrimination in the workplace, Defendant failed to hire Plaintiffs.

30.    As a direct and proximate result of Defendant's unlawful acts, Plaintiffs suffered and continue to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconveniences, and lost earnings and benefits.

## WHEREFORE PLAINTIFFS PRAY

a.    That Plaintiffs be awarded compensation in amount to be determined at trial for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses.

b.     That the Court award Plaintiffs the attorneys' fees and costs incurred in

`       prosecuting this action, and other discretionary costs allowed by law.

c.     The Court award the Plaintiffs such other, further, and general relief to which tey

       may be entitled.

d.     That a JURY be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

_____

R. Ethan Hargraves, BPR No. 033331
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529, F: 423.634.8866
ethan@masseyattorneys.com
*Attorney for Plaintiffs*

# IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

| | | |
|---|---|---|
| TIMOTHY SHAWN GUNN, | ) | DOCKET NO. 22-0532 |
| MARNI RENEE PEARCE, and | ) | |
| ZACHARY CHANCE TAYLOR, | ) | PART I |
| | ) | |
| Plaintiffs, | ) | JURY DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| TENNESSEE AQUARIUM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING PLAINTIFFS' MOTION TO AMEND

This matter came before the Honorable Pamela Fleenor, Chancellor, and based upon the agreement of the parties, the Court finds that Defendant, Tennessee Aquarium, does not oppose Plaintiffs' Motion to Amend.

Therefore, Plaintiffs' Motion to Amend is **GRANTED**.

ENTERED

_____
**PAMELA FLEENOR, CHANCELLOR**

**APPROVED FOR ENTRY:**

**MASSEY & ASSOCIATES, P.C.**

_____
R. Ethan Hargraves, BPR No. 033331
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ph: 423.697.4529; F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiffs*

*(Additional approval signature on following page)*

23 APR 14 AM 10: 02

FILED
HAMILTON CO CLERK & MASTER

**FORD HARRISON LLP**

*Paige Lyle (by Ethan Hargraves w/permission)*

Paige M. Lyle, BPR No. 032959
Mark E. Stamelos, BPR No. 021021
150 Third Avenue South, Suite 2010
Nashville, TN 37201
Ph: 615.574.6700, F: 615.574.6701
plyle@fordharrison.com
mstamelos@fordharrison.com
*Attorneys for Defendant*

On this 14th day of April
20 23 , I certify that a copy of the order was
mailed to the parties or their counsel.

ROBIN L. MILLER, CLERK & MASTER

By: _____ DC&M

# IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

TIMOTHY SHAWN GUNN,　　　　　)
MARNI RENEE PEARCE, and　　　　)　　　**Docket No. 22-0532**
ZACHARY CHANCE TAYLOR,　　　)
　　　　　　　　　　　　　　　　)　　　**Part I**
　　　**Plaintiff,**　　　　　　　)
　　　　　　　　　　　　　　　　)　　　**JURY DEMANDED**
**v.**　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
**TENNESSEE AQUARIUM,**　　　　　)
　　　　　　　　　　　　　　　　)
　　　**Defendant.**　　　　　　　)

---

## AMENDED COMPLAINT

Plaintiffs, Timothy Shawn Gunn, Marni Renee Pearce, and Zachary Chance Taylor, hereby sue Defendant, Tennessee Aquarium, and for their cause of action, Plaintiffs state as follows:

### PARTIES

1.　　Plaintiff, Timothy Shawn Gunn ("Mr. Gunn") is an adult citizen and resident of Hamilton County, Tennessee.

2.　　Plaintiff, Marni Renee Pearce ("Ms. Pearce") is an adult citizen and resident of Hamilton County, Tennessee.

3.　　Plaintiff, Zachary Chance Taylor ("Ms. Taylor") is an adult citizen and resident of Catoosa County, Georgia.

4.　　Defendant, Tennessee Aquarium ("Defendant") is a Tennessee corporation with its principal place of business in Chattanooga, Hamilton County, Tennessee. Defendant's registered agent is Gordon A. Stalans, 201 Chestnut Street, Chattanooga, Hamilton County, Tennessee.

2023 APR 21　AM 11: 01

FILED
HAMILTON CO CLERK & MASTER

<u>JURISDICTION AND VENUE</u>

5.      Jurisdiction and venue are proper in this Court because Defendant's principal place of business is Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Hamilton County, Tennessee.

<u>FACTUAL ALLEGATIONS</u>

6.      Defendant is a nonprofit corporation that operates The Tennessee Aquarium located at 1 Broad Street, Chattanooga, Hamilton County, Tennessee.

7.      In early August 2021, Defendant posted an employment ad seeking a Community Engagement Educator to work at the Tennessee Aquarium.

8.      On August 9, 2021, Ms. Pearce and Mr. Taylor applied for the Community Engagement Educator position through Defendant's website.

9.      On August 9, 2021, Mr. Gunn applied for the Community Engagement Educator position via ZipRecruiter.

10.     When applying for the Community Engagement Educator position, all Plaintiffs noted that one of the key requirements listed by Defendant was as follows:

> "Applicant must be of minority group that would include but is not limited to:
> African American or Black, Native Hawaiian or Pacific Islander, Asian American
> or Asian, American Indian or Alaska Native, Hispanic or Latino, and applicants
> who consider themselves to be of more than one race."

11.     In addition to his key requirement, each Plaintiff was asked if they belonged to any of the listed minority groups.

12.     Mr. Gunn is a white man and is not a member of any of the minority groups listed by Defendant. Mr. Gunn still applied for the Community Engagement Educator position because he felt he would be a good fit for the position. Mr. Gunn was a member of the U.S. Navy for over

two decades and spent most of his time in sonar tech and oceanography. During his time of service, Mr. Gunn provided oceanography training to enlisted servicemen and he also trained officers.

13. Ms. Pearce is a white woman and is not a member of any of the minority groups listed by Defendant. Ms. Pearce still applied for the Community Engagement Educator position because she felt she would be a good fit for the position. Ms. Pearce has experience working with underserved and underrepresented communities and is passionate about working with these communities.

14. Mr. Taylor is a white man and is not a member of any of the minority groups listed by Defendant. Mr. Taylor still applied for the Community Engagement Educator position because he felt he would be a good fit for the position. Mr. Taylor was a long-time member of the U.S. Navy where he held a variety of positions. Mr. Taylor was a spotter for a K-9 with qualifications in kennel support that included training, he spent time deployed in Afghanistan and Bahrain, provided security for nuclear submarines and held a high security clearance. He also worked as part of the security forces and presented information and training to large groups. Mr. Taylor was also trained in rescue, marksmanship, FEMA preparedness, and EMS. Mr. Taylor also speaks conversational Spanish.

15. On August 9, 2021, WDEF, a local television news station, learned fo the Community Engagement Educator job posting and the minority requirement. WDEF reached out to Defendant for comment, and Defendant provided the following statement:

> "The Tennessee Aquarium is an inclusive environment. We have updated the posting in question and realize it appeared to focus on minorities rather than include minorities. We want our education and all departments to reflect our entire community. We will always select the best candidate for the position."

16. Prior to issuing this statement to WDEF, Dr. Anna George, an employee of Defendant, defended the minority requirement stated "[H]aving students see themselves in the

education staff provides one way to provide equity for these students to catch up and see themselves in those careers in the future."

17.    Despite what they stated, Defendant did not remove the minority requirements from their website until weeks after the position was listed and failed to remove the minority requirements from third-party websites like Indeed and ZipRecruiter.

18.    On October 7, 2021, Ms. Pearce was notified that the position of Community Engagement Educator was filled. The other Plaintiffs never received notification.

19.    Plaintiffs have reason to believe that the position of Community Engagement Educator was filled in the Fall of 2021 by an African American man.

RACIAL DISCRIMINATION UNDER THE TENNESSEE HUMAN RIGHTS ACT

20.    Plaintiffs allege that Defendant discriminated against them because of their race, in violation of the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101, et seq.

21.    Defendant discriminated against Plaintiffs with respect to compensation, terms, conditions, or privileges of employment because of their race, in violation of Tenn. Code Ann. §4-21-401(1).

22.    Defendant discriminated against Plaintiffs by limiting, segregating and/or classifying applicants for employment in a way that adversely affected the status of Plaintiffs because of their race, in violation of Tenn. Code Ann. §4-21-401(a)(2).

23.    At all relevant times, Defendant employed over 8 persons.

24.    As a result of Defendant's culpable acts or omissions as set forth herein, Plaintiffs were improperly discriminated against, and they are entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotion distress, humiliation,

mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, attorneys' fees and costs.

## RACIAL DISCRIMINATION UNDER 42 U.S.C. §1981

25. Plaintiffs objected to and protested race discrimination and such actions are statutorily protected activities under 42 U.S.C. §1981 ("Section 1981").

26. It is public policy and law of the United States that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer or potential employer.

27. Plaintiffs objected to and protested race discrimination in the workplace. Such actions by the Plaintiffs are statutorily protected activities under Section 1981.

28. In violation of Section 1981, Defendant failed to hire Plaintiffs based on their race.

29. Defendant retaliated against Plaintiffs because of their protected activity by taking adverse action against Plaintiffs. As a result of Plaintiff's complaints and protests of racial discrimination in the workplace, Defendant failed to hire Plaintiffs.

30. As a direct and proximate result of Defendant's unlawful acts, Plaintiffs suffered and continue to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconveniences, and lost earnings and benefits.

## WHEREFORE PLAINTIFFS PRAY

a. That Plaintiffs be awarded compensation in amount to be determined at trial for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses.

b.   That the Court award Plaintiffs the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

c.   The Court award the Plaintiffs such other, further, and general relief to which tey may be entitled.

d.   That a JURY be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves, BPR No. 033331
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529, F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April 2023, a copy of the foregoing *Amended Complaint* was served on the following parties via U.S. and Electronic Mail:

Paige M. Lyle
Ford Harrison, LLP
150 3rd Avenue South, Suite 2010
Nashville, TN 37201
plyle@fordharrison.com

Massey & Associates, P.C.

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves