IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| TIMOTHY SHAWN GUNN, <br> MARNI RENEE PEARCE, <br> ZACHARY CHANCE TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> TENNESSEE AQUARIUM, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:23-CV-00105 <br> ) <br> ) JURY DEMAND <br> ) <br> ) <br> ) |

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The Tennessee Aquarium, ("Aquarium") hereby files its Answer and Affirmative and other Defenses to the First Amended Complaint in the above-captioned action as follows:

**PARTIES**

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint and therefore must deny the same.

2. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Amended Complaint and therefore must deny the same.

3. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint and therefore must deny the same.

4. Defendant admits the allegations in Paragraph 4 of the Amended Complaint, except clarifies that it is registered as a Tennessee nonprofit corporation.

## JURISDICTION AND VENUE

5. Defendant admits that Plaintiffs pled that jurisdiction and venue were proper in the Chancery Court of Hamilton County where this matter was originally filed as the substantial part of the alleged events or omissions occurred in Hamilton County, Tennessee. Defendant removed this matter to federal court on April 28, 2023, pursuant to 28 U.S.C. § 1331, but denies that it has engaged in any conduct that would subject it to liability in this or any other Court.

## FACTS

6. Admitted.

7. Defendant admits the allegations contained in Paragraph 7 of the Amended Complaint, except clarifies that it posted employment ads for two Community Engagement Educator positions in early August 2021, one which required candidates to be fluent bilingual speakers and another intended for primarily English-speaking candidates.

8. Defendant admits that Mr. Taylor submitted an application for the bilingual Community Engagement Educator position on August 9, 2021. Defendant further admits that Ms. Pearce submitted an application for the non-bilingual Community Engagement Educator position on August 9, 2021.

9. Defendant admits that Mr. Gunn submitted an application for the non-bilingual Community Engagement Educator position on August 9, 2021.

10. Defendant states that the initial job posting speaks for itself.

11. Admitted.

12. Defendant admits that Mr. Gunn applied for a non-bilingual Community Engagement Educator position but is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore must deny the same.

13. Defendant admits that Ms. Pearce applied for a non-bilingual Community

Engagement Educator position but is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore must deny the same.

14. Defendant admits that Mr. Taylor applied for a bilingual Community Engagement Educator Position but is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore must deny the same.

15. Defendant admits that Defendant gave a statement to WDEF on August 9, 2021, and states that the quoted statement speaks for itself.

16. Defendant admits that the quoted statement was given by Dr. Anna George to WDEF, but denies the remainder of the allegations contained in Paragraph 16.

17. Denied.

18. Admitted.

19. Defendants admit they hired a total of five candidates for the Community Engagement Educator roles in the Fall of 2021, and that one of the three candidates placed in the non-bilingual role was an African American male.

## COUNT I

20. Defendant admits that Plaintiffs purport to bring claims under the Tennessee Human Rights Act, but denies that they have engaged in any discriminatory conduct or violated any other state or federal law which would entitle Plaintiffs to the relief they seek.

21. Denied.

22. Denied.

23. Admitted.

24. Denied.

3

## COUNT II

25. Denied.

26. The allegations contained in Paragraph 26 of the Amended Complaint are a statement and/or conclusion of law to which no response is required.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. All allegations in the Amended Complaint not expressly admitted are hereby denied.

32. Defendant denies Plaintiffs are entitled to any relief prayed for in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matters, Defendant states the following affirmative and other defenses:

## FIRST DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent that Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands and/or waiver, Plaintiffs are barred from pursuing such claims.

## THIRD DEFENSE

Plaintiffs' lawsuit is barred, in whole or in part, by the applicable statutes of limitation.

## FOURTH DEFENSE

Plaintiffs are estopped by their own acts, conduct, or omissions from asserting some or all of their claims.

## FIFTH DEFENSE

To the extent any intentional acts occurred, the occurrence of which Defendant denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment with Defendant, were not authorized or sanctioned by Defendant, and Defendant, therefore, is not liable to Plaintiffs for such acts.

## SIXTH DEFENSE

Defendant asserts the affirmative defenses of res judicata, collateral estoppel, judicial estoppel, and waiver, as these defenses may be developed during the course of this litigation.

## SEVENTH DEFENSE

Plaintiffs' damages are barred in whole or in part by the doctrines of after-acquired evidence or unclean hands. To the extent Defendant acquires evidence about Plaintiffs that would have resulted in Plaintiffs' non-hire or termination if Defendant had known, Plaintiffs are not entitled to damages and/or equitable relief based upon this after-acquired evidence should they prevail.

## EIGHTH DEFENSE

Even assuming that Defendant's actions concerning Plaintiffs' attempted employment were partially influenced by some unlawful motive, though they were not, Defendant nonetheless would have taken the same actions with respect to Plaintiffs even in the absence of such unlawful motive.

## NINTH DEFENSE

None of Defendant's actions were taken with malice or reckless indifference to Plaintiffs' civil rights, thereby precluding any and all claims for punitive damages. Plaintiffs are also not entitled to recover punitive damages because they failed to plead facts sufficient to support allegations of malice or reckless indifference, and such damages are either not recoverable or are limited in amount.

## TENTH DEFENSE

Defendant's decisions concerning Plaintiffs were based upon legitimate non-discriminatory business reasons, completely unrelated to Plaintiffs' protected characteristics and/or the exercise of their protected rights, if any.

## ELEVENTH DEFENSE

Plaintiffs' have failed to plead intentional race discrimination and/or the existence of any contract between them and Defendant.

## TWELFTH DEFENSE

Plaintiffs have failed to plead they belong to a racial minority and/or were treated any differently than another racial group outside of their class.

## THIRTEENTH DEFENSE

Defendant has not unlawfully considered race as a factor in any of its past or present employment decisions.

## FOURTEENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because any discriminatory or unlawful acts were committed by individuals who were not acting in a managerial capacity.

**FIFTEENTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendant is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to their good faith efforts to comply with anti-discrimination statutes.

**SIXTEENTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because Defendant did not authorize or ratify any alleged discriminatory acts and was not reckless in hiring the employees who committed the allegedly discriminatory acts.

**SEVENTEENTH DEFENSE**

Plaintiff may not recover in excess of the statutorily-prescribed limits.

**EIGHTEENTH DEFENSE**

Although Defendant denies Plaintiffs are entitled to any relief, Plaintiffs have failed to take reasonable steps to minimize or mitigate their alleged damages and may not recover any damages they could have avoided. To the extent Plaintiffs have mitigated their alleged damages, they may not recover for any alleged damages they have mitigated.

**RESERVATION OF RIGHTS**

Defendant reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiffs' claims based upon such facts and circumstances as become known to it subsequent to the date hereof.

**WHEREFORE**, having fully answered the Amended Complaint, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice, that it be awarded its costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

s/Paige M. Lyle<br>
Mark E. Stamelos (TN 021021)<br>
Paige M. Lyle (TN 032959)<br>
FORDHARRISON LLP<br>
150 Third Ave South, Suite 2010<br>
Nashville, Tennessee 37201<br>
Telephone: (615) 574-6700<br>
Facsimile: (615) 574-6701<br>
mstamelos@fordharrison.com<br>
plyle@fordharrison.com

*Counsel for Defendant Tennessee Aquarium*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served via the court's CM/ECF system this the 5th day of May, 20223 upon:

R. Ethan Hargraves
Massey & Associates
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ethan@masseyattorneys.com

s/Paige M. Lyle<br>
Paige M. Lyle